Francis X. Conlon, J.
Upon the foregoing papers this motion to vacate the service of the petition for arbitration upon respondent, a foreign corporation, not doing business here, is granted. The question of whether the agreement between the parties provided for arbitration in this State must be decided on the basis of the language of the agreement. That document contains nothing to indicate that the parties agreed to an arbitration in New York State. The provision that (if the two arbitrators chosen by the parties could not agree upon the third arbitrator) application for nomination of an umpire might be made to New York Shipping Association is not sufficient, in itself, to indicate an intent to have the arbitration in this State. The case of Matter of Marchand v. Mead-Morrison Mfg. Co. (252 N. Y. 284) cited by petitioner, is clearly distinguishable. In that case, no question of jurisdiction was involved. The seller, a Maine corporation, appeared generally (p. 291). As Judge Crane’s opinion states (p. 305) “ the courts of New York ” had “ jurisdiction of the parties ”. The Court of Appeals did not hold that the agreement contemplated a New York arbitration, but only that even if the determination of the Special Term that it did was erroneous (p. 294), the order below was not void. The court pointed out that (p. 293) “ Jurisdiction was not dependent upon his [the Judge at Special Term] determining it [the place of the arbitration] correctly.” In this court’s opinion, respondent did not agree to arbitrate in New York State and the service of the petition upon it outside the State, by registered mail, must therefore be set aside. The cross motion to consolidate is denied.